Rouguiatou DIALLO, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–1772–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

Ronald S. Salomon, New York, NY, for Petitioner.

Jeffery R. Leist, Attorney, Office of Immigration Litigation, Civil Division (Ernesto H. Molina, Jr., Senior Litigation Counsel; Peter D. Keisler, Assistant Attorney General, Civil Division, on the brief) U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Rouguiatou Diallo, a citizen of Guinea, seeks review of a March 28, 2007 order of the BIA denying her motion to reopen. *In re Rouguiatou Diallo,* No. A 73 580 371 (B.I.A. Mar. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the March 2007 decision denying her motion to reopen, as that is the only order from which a timely petition for review was filed. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001) (noting that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, this Court may review only the denial of the motion).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA's decision that Diallo's motion was untimely, given that it was filed over four years after the BIA denied her appeal, is beyond objection. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered"). However, the BIA exceeded its allowable discretion in its conclusion that Diallo did not qualify for

equitable tolling of the 90–day statute of limitations on the basis of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (providing that the 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights).

"In a situation where ineffective assistance of counsel prevents an alien from having the opportunity to present [her] case for relief, the filing deadline for motions to reopen will be equitably tolled until the ineffective assistance is, or should have been, discovered by a reasonable person in the situation." *Id.* at 171. (internal quotation marks omitted). An alien must then demonstrate "due diligence in pursuing the case during the period the alien seeks to toll" from the time when the ineffective assistance of counsel should have been, or was in fact, discovered. *Id.* (internal quotation marks omitted). In *Cekic*, we held that the BIA did not exceed its allowable discretion in finding that petitioners had not exercised due diligence when petitioners waited two years from the date that they should have discovered grounds for their motion to reopen and petitioner failed "to show that they took any actions whatever to vindicate their rights." *Id.* at 172; *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (petitioner was not entitled to equitable relief because he should have known that he had been a victim of ineffective assistance of counsel well before the end of the two-year period he sought to toll).

In support of her motion to reopen, Diallo submitted documents demonstrating that she knew of her potential female genital mutilation claim by April of 2006, and thereafter took several steps necessary to prove and support her claim. Diallo visited a doctor and obtained a letter certifying that she had been examined and found to be a victim of female genital mutilation. In May 2006, Diallo retained new counsel and prepared an affidavit setting forth her claims of ineffective assistance of counsel, as required by *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A.1988). On May 26, 2006, Diallo's new counsel filed a complaint with her former counsel, Sandra P. Nichols for mishandling Diallo's case by not alerting Diallo to her potential claim of persecution on account of having been subjected to female genital mutilation and for not pursuing it during Diallo's asylum proceedings. On June 5, 2006, Diallo received a response from Nichols acknowledging that Nichols did not explore a claim for asylum based on female genital mutilation with Diallo. The very next day, Diallo filed a complaint against Nichols with the Departmental Disciplinary Committee of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department ("Disciplinary Committee"), in order to fully comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. at 639. On July 3, 2006, Diallo received a response from the Disciplinary Committee. Four months later, on November 24, 2006, Diallo's counsel filed a Notice of Appearance with the BIA as well as a motion to reopen. The motion to reopen was rejected by the BIA, for reasons that are not clear from the record, but it was then re-filed on January 16, 2007.

The BIA then summarily denied Diallo's motion after noting only that Diallo failed to explain why she waited four years to file her appeal, and that Diallo's motion was not filed until January of 2007, though she was represented by counsel at least by May of 2006. In the process, the BIA failed to make a finding regarding when the ineffective assistance of counsel should have been or was discovered. The BIA also failed to explain whether Diallo had demonstrated due diligence from that

time. The actions taken on Diallo's part clearly far exceed the actions taken by petitioners in *Cekic,* 435 F.3d at 172, and *Iavorski,* 232 F.3d at 134, where petitioners were found to be less than diligent. The delay of, at most, seven months from when the Disciplinary Committee responded to Diallo's complaint to the date of filing was not long; especially in light of the fact that her attorney attempted to submit a motion in November. The BIA exceeded its allowable discretion by not making the necessary findings under *Cekic,* 435 F.3d at 171.

"In order to establish that counsel was ineffective, the [petitioner] must demonstrate (1) that competent counsel would have acted otherwise, and (2) that they were prejudiced by counsel's performance." *Cekic,* 435 F.3d at 171 (internal quotation marks and citation omitted). The BIA did not address the merits of Diallo's claim of ineffective assistance of counsel because it found that the motion was untimely. Thus, on remand, the agency should consider Diallo's claim of equitable tolling as well as the claim of ineffective assistance of counsel, if appropriate.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order.